IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY LAVITE,<br>Madison County Jail No. 12439,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT HERTZ<br>and BOBBIE UNFRIED,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)   Case No. 13-cv-53-GPM<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER
## AND NOTICE OF HEARING

**MURPHY, District Judge:**

Plaintiff, who is currently a pretrial detainee in the Madison County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Hertz (the Sheriff) improperly housed him with a cellmate who was a sentenced sexual predator, when jail policy called for pretrial detainees to be segregated from sentenced offenders. This cellmate then sexually assaulted Plaintiff, on November 27, 2012 (Doc. 1, p. 4). Plaintiff reported the assault to jail officials including the nurse and captain. A nurse from the Health Department tested Plaintiff's blood for sexually transmitted disease, and informed Plaintiff he needed to see a liver specialist. Plaintiff has Hepatitis C. The complaint does not disclose whether he contracted this disease from the assault or whether he had been previously infected. Nonetheless, Defendant Unfried (the jail nurse) has not allowed Plaintiff to see the doctor. He is "sick and bloated" but has received no treatment for hepatitis during his detention. He requests an "immediate injunction" to require Defendants to provide him with necessary treatment, claiming that he is in imminent danger of liver failure (Doc. 1, p. 5). He also seeks compensatory damages.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Hertz for failure to protect Plaintiff from the sexual assault (Count 1), and against Defendants Hertz and Unfried for deliberate indifference to medical needs (Count 2). *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

**Pending Motions**

Although Plaintiff did not file a separate motion for a temporary restraining order (TRO) or preliminary injunction, because of his allegations of immediate danger due to lack of medical treatment, the Court construes this request for "immediate injunction" as a motion for TRO/preliminary injunction and shall hear this motion without delay. **PLAINTIFF'S MOTION FOR TRO/PRELIMINARY INJUNCTION IS SET FOR HEARING ON FRIDAY, JANUARY 18, 2013, AT 2:30 P.M.,** before the Judge G. Patrick Murphy in Courtroom 3 in the United States District Courthouse, 750 Missouri Ave., East St. Louis, Illinois.

Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") in this action (Doc. 2). He has submitted an affidavit stating that he has no employment, has received no income for the last twelve months, and has no assets or cash on hand. However, he has not tendered a certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the Madison County Jail, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and

therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee.  At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court.  The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**.  The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff and to the Trust Fund Officer at the Madison County Jail.

**Disposition**

The United States Marshals Service is **APPOINTED** pursuant to Federal Rule of Civil Procedure 4(e) to effect service on an expedited basis.  The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **HERTZ** and **UNFRIED**.  The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), and this Memorandum and Order.  The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **before noon, Friday January 18, 2013,** the United States Marshals Service **SHALL personally serve** upon Defendants **HERTZ** and **UNFRIED**, the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), and this Memorandum, Order, and NOTICE OF HEARING.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.  The Court will not require

Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's request for injunctive relief.

Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** January 16, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge