IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY A. LAVITE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 13-53-GPM |
| | ) |
| ROBERT HERTZ, and | ) |
| BOBBIE UNFRIED | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

  On January 15, 2013, Plaintiff Gary Lavite brought this civil rights action pursuant to 42 U.S.C § 1983 for alleged violations of his Constitutional rights while he was a pre-trial detainee at Madison County Jail (Doc. 1).   Plaintiff claimed that he was sexually assaulted by his cell mate, and that he was denied medical treatment for his hepatitis C (Doc. 1).  The Court construed Plaintiff's complaint as a request for a temporary restraining order ("TRO"), and held a hearing on the matter on January 18, 2013 (Docs. 9, 10).  Plaintiff's motion for a temporary restraining order against Defendants was denied (Doc. 10).

  Based on Plaintiff's testimony at the TRO hearing, Defendants Robert Hertz and Bobbie Unfried filed a motion for summary judgment, which is now before the Court (Doc. 19). Defendants argue that they are entitled to judgment as a matter of law that they were not deliberately indifferent to Plaintiff's serious medical needs (Doc. 19).  For the reasons stated below, summary judgment is granted in favor of Defendants on the issue of deliberate

indifference. Furthermore, the Court also finds that Plaintiff's Eight Amendment claim for failure to protect should be dismissed with prejudice because it is frivolous.

**A. Deliberate Indifference to a Serious Medical Need**

Plaintiff brought an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendant Robert Hertz, the Sheriff of Madison County Illinois, and Bobbie Unfried, a Nurse at Madison County Jail (Doc. 1). In order to establish a claim for deliberate indifference to a serious medical need, there are "two high hurdles, which every inmate-plaintiff must clear." *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). First, the plaintiff must demonstrate that his medical condition is "objectively, sufficiently serious." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005), *citing Farmer*, 511 U.S. at 834 (internal quotations omitted). A serious medical condition is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards v. Snyder*, 478 F.3d 827, 830–31 (7th Cir. 2007). Second, the plaintiff must demonstrate that the prison official acted with a sufficiently culpable state of mind. *Greeno*, 414 F.3d at 653. "The officials must know of and disregard an excessive risk to inmate health." *Id.*

In considering the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to demonstrate a genuine issue of material fact regarding whether Sheriff Hertz was deliberately indifferent to his serious medical needs. Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Sheriff Hertz was not involved in Plaintiff's medical treatment (Doc. 10), and therefore did not cause or participate in the alleged violation of Plaintiff's

constitutional rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation.") (internal quotations omitted). Accordingly, Sheriff Hertz is entitled to summary judgment on the issue of deliberate indifference.

Plaintiff has also failed to demonstrate a genuine issue of material fact regarding whether Nurse Unfried was deliberately indifferent to his serious medical needs. Plaintiff claimed that Nurse Unfried refused to provide him treatment for his hepatitis C and refused to have him evaluated by a liver specialist (Doc. 1). However, nothing in the record suggests that Nurse Unfried had the authority to prescribe treatments for Plaintiff or refer him to a specialist (Doc. 10, p. 13). Rather, the evidence shows that Nurse Unfried simply provided to Plaintiff the treatment that the prison doctor, Robert Blankenship, ordered (Doc. 10, p. 13). Since Nurse Unfried did not play a part in making the treatment decisions for Plaintiff, there is no evidence that she acted with a culpable state of mind. *Maddox v. Jones*, 370 F. App'x 716, 721 (7th Cir. 2010). ("The limited scope of her authority negates any inference of her culpability.") Therefore, Defendant Unfried is entitled to summary judgment on the issue of deliberate indifference.

Furthermore, the Court finds Plaintiff has failed to state a claim for deliberate indifference to his serious medical need against anyone at the Madison County Jail. It is undisputed that Plaintiff was examined by medical professionals on several occasions, and received treatment for various conditions while incarcerated at the Madison County Jail (Doc. 10, p. 12). Nurse Unfried testified that Plaintiff did not receive the liver biopsy or treatment regimen that he was seeking because his blood work was analyzed and the doctor determined Plaintiff did not yet warrant such treatment (Doc. 10, p. 12). "What we have here is not deliberate indifference to a serious medical

need, but a deliberate decision by a doctor to treat a medical need in a particular manner." *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Plaintiff's assertion that his condition necessitated different treatment boils down to an unsubstantiated disagreement with the medical professional's judgment. It is well-established that an inmate's mere disagreement with the course of his medical treatment does not constitute an Eighth Amendment claim of deliberate indifference. *Id.*

**B. Failure to Protect**

Under the Prison Litigation Reform Act, the Court is obligated to dismiss the case or any claim *at any time* if the Court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2) (emphasis added). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In his complaint, Plaintiff alleged that he was housed in a cell with Courtney Gibson, a convicted prisoner, and that Gibson sexually assaulted him (Doc. 1). Plaintiff claims that by housing Plaintiff and Gibson in the same cell, Sheriff Hertz failed to protect him from the sexual assault (Doc. 21).

In order to state an Eighth Amendment claim for failure to protect, the prisoner must show that "prison officials were 'deliberately indifferent' to the fact that [the prisoner] was in serious peril of being harmed." *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006), *citing Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Neither negligence nor even gross negligence is sufficient to establish § 1983 liability. *Farmer v. Brennan,* 511 U.S. 825, 835–36 (1994). Rather, the prison official's actions must be intentional or criminally reckless. *Farmer,* 511 U.S. at 837-38; *Borcello v. Allison,* 446 F.3d 742, 747-48 (7th Cir. 2006). In other words, the prisoner

must show that the prison officials had actual knowledge that there was a substantial, impending risk that those who attacked the prisoner would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).

Plaintiff's failure to protect claim against Sheriff Hertz is premised on Plaintiff's belief that pre-trial detainees and convicted prisoners should not be housed in the same cell, or even on the same block (Doc. 10, p. 9; Doc. 21). However, the mere fact that pretrial detainees and convicted misdemeanants or felons were housed together in a cell does not provide a sufficient basis from which to infer deliberate indifference. *See Florence v. Board of Chosen Freeholders of County of Burlington*, 132 S. Ct. 1510, 1521 (2012) (basing its holding on the understanding that "interaction and mingling between misdemeanants and felons" will occur in jails); *Shaffer v. Reno*, 66 F.3d 328 (7th Cir. 1995) (affirming lower court order holding that "Even accepting as true that pretrial detainees, misdemeanants and convicted felons were housed together in Cell Block 'F' that matter does not provide a sufficient basis from which to infer deliberate indifference"); *McGill v. Duckworth,* 944 F.2d 344, 348 (7th Cir. 1991) ("Administrators in many states . . . are unable to house each inmate only with those of a similar status.").

Moreover, Plaintiff testified at the TRO hearing that Sheriff Hertz had no reason to know that Gibson was going to sexually assault Plaintiff (Doc. 10, p. 10). Therefore, by Plaintiff's own admission, Sheriff Hertz was not deliberately indifferent and Plaintiff has no claim against him for failure to protect. Accordingly, Plaintiff's failure to protect claim must be dismissed as frivolous. Dismissal is with prejudice because Plaintiff's admission makes clear that allowing him to file an amended complaint for this claim would be futile.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment filed by Defendants Robert Hertz and Bobbie Unfried (Doc. 19) is **GRANTED**. Plaintiff's claim for failure to protect is **DISMISSED** with prejudice. Thus, Defendants Hertz and Unfried are also **DISMISSED** from this action with prejudice.

**IT IS SO ORDERED.**

DATED:   June 6, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge